AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

_____LONNIE RAY TEICHMANN_____   Case Number: 06-20048-06-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached page)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 10, 2006                           s/ David J. Waxse
                                              *Signature of Judicial Officer*

                                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Lonnie Ray Teichmann
Criminal Action 06-20048-06-CM-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to consider.

First is the ten year problem with the conspiracy count.

There is the Grand Jury Indictment. In this case that is only on three of the twenty-one counts.

There are issues with physical and mental condition that have been discussed that would be considered negative.

Your family ties and employment are somewhat positive, although not the greatest.

You do not appear to have financial resources that would make it easy for you to flee.

Your length of residence and your community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings is substantially a problem. One of the biggest problems to me is that once you were released on parole or probation on the 1988 conviction, you were either violated or revoked six times. Your attorney has argued that was all drug or alcohol related, but I cannot be certain with that kind of history of not following conditions that I can now come up with conditions that you are going to follow. I have to rely primarily on what you have done in the past.

Looking at the nature and seriousness of the danger, it does not appear that you are charged with being personally involved, although there are allegations by Mr. Rask that you were. It appears that you may have been used more than actually leading.

I have to go with the overall picture and not the most recent picture. Since you have recently been released, you have done great on community corrections; however, I cannot ignore the record. I am going to hold that you need to be detained.